IN THE SUPREME COURT OF THE STATE OF MONTANA

IN THE MATTER OF AMENDING
SECTION 1.3 OF THE MONTANA
SUPREME COURT'S 1996 INTERNAL
OPERATING RULES

)
)
)
)
)

FILED

FEB 11 2003

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

O R D E R

This Court has determined that it can make better use of its limited time and resources

by issuing memorandum opinions in appropriate cases. To that end and to set out the criteria

under which memorandum opinions may be issued, we adopt the following language as an

amendment to Section I.3 of the Montana Supreme Court's 1996 Internal Operating Rules

(Internal Operating Rules), to wit:

d. (i) After all briefs have been filed in any appeal, the Supreme Court by unanimous action may, sua sponte, enter an order or memorandum opinion affirming the judgment or order of the trial court for the reason that it is manifest on the face of the briefs and the record that the appeal is without merit because:

(1) the issues are clearly controlled by settled Montana law or federal law binding upon the states;

(2) the issues are factual and there clearly is sufficient evidence to support the jury verdict or findings of fact below; or

(3) the issues are ones of judicial discretion and there clearly was not an abuse of discretion.

(ii) Notwithstanding the provision in section (i) requiring unanimous action, an order or memorandum opinion affirming the judgment or order of the trial court may be entered pursuant to subsections (1) through (3) of section (i) on a majority vote, even though the claim may have merit in the view of the minority, provided that all justices participating in the action shall agree that such summary disposition of the action may be made.

(iii) After all briefs have been filed in any appeal, the Supreme Court by unanimous action may, sua sponte, enter an order or memorandum opinion reversing the judgment or order of the trial court for the reason that it is manifest on the face of the briefs and the record that the order or judgment is clearly erroneous for one or more of the following reasons:

> (1) summary judgment was erroneously granted because a genuine issue of material fact exists;
>
> (2) the judgment or order was clearly contrary to settled Montana law or federal law binding upon the states; or
>
> (3) the issue on appeal is one of judicial discretion and there clearly was an abuse of discretion.

(iv) Notwithstanding the provision in section (iii) requiring unanimous action, an order or memorandum opinion reversing the judgment or order of the trial court may be entered pursuant to subsections (1) through (3) of section (iii) on a majority vote, even though the claim may have merit in the view of the minority, provided that all justices participating in the action shall agree that such summary disposition of the action may be made.

(v) A list indicating the disposition of all decisions rendered by the Supreme Court under this section shall be published quarterly in the Pacific and Montana Reporters. Such decisions shall not be cited or relied upon as authority in any litigation in any court in Montana except when the decision establishes the law of the case, res judicata or collateral estoppel, or in a criminal action or proceeding involving the same defendant or a disciplinary action or proceeding involving the same person,

(vi) A petition for rehearing of a cause decided under this section may be served and 'riled pursuant to the provisions of Rule 34, M.R.App.P.

IT IS ORDERED that the foregoing amendment to the Internal Operating Rules shall be effective immediately

IT IS FURTHER ORDERED that present Sections I.3(d), (e) and (f) of the Internal Operating Rules are re-designated as Sections I.3(e), (f) and (g) respectively,

IT IS FURTHER ORDERED that the Clerk of this Court give notice of this Order by mail to each clerk of the district court: to the Executive Director of the State Bar of Montana with a request that this Order be published in the next available issue of the Montana Lawyer and be posted to the Bar's website; to the State Law Librarian with the request that this Order be posted to the Law Library's website; to Gregory J. Petesch, Code Commissioner & Director of Legal Services; to West Group; and to State Reporter Publishing Company.

DATED this ___11th___ day of February, 2003.

_Karla M. Gray_
Chief Justice

_Patricia Cotter_

_James Regnier_

_Jim Rice_

_W. William Leaphart_
Justices

3

